## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

DEMOND JACKSON,

                 Petitioner,

v.                                CIVIL ACTION NO. 3:12-3287 & 3:12-3350
                                CRIMINAL ACTION NO. 3:99-00015-05

UNITED STATES OF AMERICA,

                 Respondent.

### MEMORANDUM OPINION AND ORDER

This action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, who has submitted her proposed findings of fact and recommendations for disposition pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge's Proposed Findings and Recommendations ("PF&Rs"), ECF No. 502,[1] were filed on August 9, 2013, and the petitioner's objections to the PF&Rs, ECF Nos. 503 and 509, were filed on August 26, 2013, and, after receiving the leave of the Court to file objections later than the initial deadline, on September 30, 2013.

The Court has reviewed *de novo* those portions of the Magistrate Judge's PF&Rs to which the petitioner objects, and it finds that the petitioner's objections lack merit. For the reasons set forth below, the Court **ADOPTS** the PF&Rs of the Magistrate Judge, which **DENY** both of the petitioner's Motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, ECF Nos. 466 and 470, **DENY** the petitioner's Application to Proceed Without Prepayment of Fees and Costs, ECF No. 473, **DENY** the petitioner's Motion to Supplement Additional Grounds, ECF No.

---

[1]  All ECF citations are derived from the underlying criminal action, No. 3:99-cr-00015-5.

501, and effectively **GRANT** the petitioner's Letter-Form Motion to Strike his earlier Motion to Supplement Additional Grounds (ECF No. 498), ECF No. 500.

Additionally, given that the Court lacks jurisdiction to entertain the petitioner's § 2255 Motions, the Court **DENIES** the petitioner's Motion to Appoint Counsel, ECF No. 499. The Court also **DENIES** a certificate of appealability.

## I.      Background

On June 28, 1999, the petitioner pleaded guilty to one count of conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846 and two counts of possession of a firearm in connection with a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A). ECF Nos. 162, 163. On February 15, 2000, the petitioner was sentenced to a total of 684 months of imprisonment: 324 months on Count I, 60 months on Count IX, and 300 months on Count XII, with each sentence of imprisonment to run consecutive to the other sentences. ECF No. 258.

The petitioner filed his first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on January 9, 2001. ECF No. 279. It was denied by both this Court and the Fourth Circuit Court of Appeals. ECF Nos. 343, 344, 366, 367. On June 13, 2005, the Court of Appeals denied the petitioner's motion for authorization to file a successive application for relief. ECF No. 387.

On September 12, 2008, this Court granted the petitioner's motion for a reduction of his sentence under Count I, pursuant to 18 U.S.C. §3582(c)(2), in light of Amendment 706—regarding cocaine base offenses—to the Sentencing Guidelines. ECF Nos. 419, 431, 432. The Court's Order reduced the petitioner's sentence under Count I to 262 months, based upon a new, reduced offense level of 35—down from 37—and the unchanged criminal history category of "V." ECF No. 432. The petitioner then appealed this reduction, arguing that he was entitled to a further reduction. ECF No. 433. On April 23, 2009, the Fourth Circuit denied the petitioner's

2

appeal for further reduction. ECF Nos. 440, 441, 442.

On July 13, 2012, and July 16, 2012, without first obtaining authorization to file any successive application for relief from the court of appeals, the petitioner filed the instant Motions to Vacate, Set Aside, or Correct Sentence Pursuant to § 2255. The July 13th Motion specifically referenced the petitioner's 1999 conviction and sentence, attacking the constitutionality of both. The July 16th Motion purportedly challenged a conviction and sentence entered on September 12, 2008,—the date of the petitioner's §3582(c)(2) Count I sentence reduction—but again attacked the constitutionality of the petitioner's *original* conviction and sentence.

## II.     Legal Standard and Analysis

In her PF&Rs, the Magistrate found that this Court, as a district court, has no jurisdiction to entertain the instant Motions to Vacate, Set Aside, or Correct Sentence Pursuant to § 2255 because both are successive § 2255 petitions and the petitioner had failed to first obtain authorization from the court of appeals to file such petitions. PF&Rs at 6-7. Thus, both civil cases which were opened based upon the instant Motions must be dismissed. *See id.* at 7. In his Objections, the petitioner argues that the Magistrate is incorrect because the petitioner's §3582(c)(2) Count I sentence reduction on September 12, 2008, counted as an intervening judgment, which—as explained in *Magwood v. Patterson*, 130 S. Ct. 2788, 2802 (2010)—would mean that the first § 2255 motion filed after that date would not be "successive." Thus, according to the petitioner, his instant Motions under § 2255 require no authorization from the court of appeals, and the Court has jurisdiction.

Section 2255(h), under which the petitioner brings his instant Motions, provides that:

> *A second or successive motion* [under this section] *must be certified as provided in section 2244 by a panel of the appropriate court of appeals* to contain--
>     (1) newly discovered evidence that, if proven and viewed in light of the

3

> > evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h) (emphasis added). Section 2244(b)(3) provides, in pertinent part, "*Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*" 28 U.S.C. § 2244(b)(3)(A) (emphasis added).

The Fourth Circuit has clarified that when a petitioner does not obtain pre-filing authorization to file a successive § 2255 motion, the district court entirely lacks jurisdiction and must dismiss the case. *See United States v. Winestock*, 340 F.3d 200, 205 & n.4, 208 (4th Cir. 2003). However, in *Magwood*, the Supreme Court clarified that "where . . . there is a new judgment intervening between the two habeas petitions [filed under § 2254—the state conviction counterpart to § 2255—], an application challenging the resulting new judgment is not second or successive." 130 S. Ct. at 2802 (citation omitted) (internal quotation marks omitted). Though the Fourth Circuit has not explicitly ruled on whether this holding from *Magwood* applies to § 2255 cases, several other circuits have so held, and this Court finds their reasoning persuasive. *See, e.g.*, *Suggs v. United States*, 705 F.3d 279, 283 n.1 (7th Cir. 2013), *cert. denied*, 133 S. Ct. 2339 (2013) ("Although *Magwood* concerned a challenge to a state court judgment under 28 U.S.C. § 2254, the bar on second or successive challenges under section 2254 is parallel to the bar under section 2255. We therefore apply analysis and reasoning based on section 2254's treatment of second or successive petitions to section 2255."); *In re Lampton*, 667 F.3d 585, 587-88 (5th Cir. 2012) ("*Magwood* holds that when a first habeas petition results in the issuance of a new judgment, a later-in-time petition challenging that new judgment is not a 'second or successive petition' under

4

[the Antiterrorism and Effective Death Penalty Act]. . . . The phrase appears in both § 2244 and §

2255, and it carries the same meaning in both provisions.").

In *Magwood*, the petitioner's "new judgment intervening between the two habeas

petitions" was an entirely new sentencing hearing, which was conducted because the petitioner's

prior sentence had been vacated pursuant to a habeas petition. 130 S. Ct. at 2793, 2796. Here, the

event which the petitioner labels as an intervening judgment is his Count I sentence reduction

pursuant to 18 U.S.C. §3582(c)(2). Section 3582(c)(2) states:

> The court may not modify a term of imprisonment once it has been imposed except
> that *in the case of a defendant who has been sentenced to a term of imprisonment
> based on a sentencing range that has subsequently been lowered by the Sentencing
> Commission* pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the
> Director of the Bureau of Prisons, or on its own motion, *the court may reduce the
> term of imprisonment*, after considering the factors set forth in section 3553(a) to
> the extent that they are applicable, *if such a reduction is consistent with applicable
> policy statements issued by the Sentencing Commission*.

18 U.S.C. §3582(c)(2) (emphasis added). The policy statement issued by the Sentencing

Commission that applies to § 3582(c)(2) motions strongly limits the district court's role in

modifying sentences under that section:

> In determining whether, and to what extent, a reduction in the defendant's term of
> imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted,
> the court shall determine the amended guideline range that would have been
> applicable to the defendant if the amendment(s) to the guidelines listed in
> subsection (c) had been in effect at the time the defendant was sentenced. In making
> such determination, *the court shall substitute only the amendments listed in
> subsection (c) for the corresponding guideline provisions that were applied when
> the defendant was sentenced and shall leave all other guideline application
> decisions unaffected*.

U.S.S.G. § 1B1.10(b)(1) (emphasis added). The Supreme Court has clarified,

> By its terms, § 3582(c)(2) does not authorize a sentencing or resentencing
> proceeding. Instead, it provides for the "modif[ication of] a term of imprisonment"
> by giving courts the power to "reduce" an otherwise final sentence in
> circumstances specified by the Commission. . . . Section 3582(c)(2)'s text, together

with its narrow scope, shows that Congress intended to authorize *only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding*.

*Dillon v. United States*, 560 U.S. 817, 825-26 (2010) (alteration in original) (emphasis added).

Section 3582(b) also states, "Notwithstanding the fact that a sentence to imprisonment can subsequently be modified pursuant to the provisions of subsection (c) . . . a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes." 18 U.S.C. § 3582. The Fourth Circuit has held this to mean that "later modification [of a sentence under § 3582(c)] does not affect the date on which [a] judgment of conviction became final 'for all other purposes.'" *United States v. Sanders*, 247 F.3d 139, 143 (4th Cir. 2001). The original conviction which this Court entered on June 28, 1999, included a "sentence to imprisonment." Therefore, that original judgment of conviction "constitutes a final judgment for all other purposes" according to 18 U.S.C. § 3582(b). As a result, the modification of the petitioner's sentence pursuant to § 3582(c)(2) is not a "new judgment intervening," as used in *Magwood*.[2] *See id.*; *United States v. Samuel*, No. CR 3:94-773-JFA, 2011 WL 3703949, at *6 (D.S.C. Aug. 23, 2011).

The Court additionally has considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). The Supreme Court has clarified:

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

---

[2] The petitioner argues that, given that *Magwood* post-dates *Sanders* and was issued by the U.S. Supreme Court, *Sanders* cannot modify *Magwood*. This misunderstands the nature of the *Magwood* decision. *Magwood* merely states that the presence of a new intervening "judgment" in a case means that the first habeas petition filed after such a judgment is not successive. *Magwood* does not purport to define the word "judgment" to include mere sentence *modifications* under § 3582(c). Thus, "judgment," as used in *Magwood*, means what it had earlier already been defined to mean in *Sanders*: *not* a sentence modification under § 3582(c). *Magwood* simply does not apply to the petitioner's situation.

district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the petitioner's § 2255 motions were both clearly successive and clearly unauthorized. The Court, thus, concludes that the governing standard is not satisfied in these cases. Accordingly, the Court **DENIES** a certificate of appealability.

### III.    Conclusion

Because the petitioner has failed to comply with the requirements of 28 U.S.C. § 2255(h) by not obtaining authorization from the Fourth Circuit Court of Appeals before filing his successive § 2255 motions in this District Court, the Court is without jurisdiction to entertain the motions. Accordingly, the Court **ADOPTS** the Proposed Findings and Recommendations of the Magistrate Judge, ECF No. 502, which **DENY** both of the petitioner's Motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, ECF Nos. 466 and 470, **DENY** the petitioner's Application to Proceed Without Prepayment of Fees and Costs, ECF No. 473, **DENY** the petitioner's Motion to Supplement Additional Grounds, ECF No. 501, and effectively **GRANT** the petitioner's Letter-Form Motion to Strike his earlier Motion to Supplement Additional Grounds (ECF No. 498), ECF No. 500. Additionally, the Court **DENIES** the petitioner's Motion to Appoint Counsel, ECF No. 499, and the Court **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        April 4, 2014

ROBERT C. CHAMBERS, CHIEF JUDGE