**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

UNITED STATES OF AMERICA,

vs.                                                          CRIMINAL ACTION NO. 3:99-00015-05

DEMOND ANDRE JACKSON

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Demond Andre Jackson's Motion for Reduction of Sentence under the First Step Act of 2018. *Mot. for Reduction of Sentence*, ECF No. 523. The issues in this case have been fully briefed, and Defendant's motion is ripe for review. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

**I. BACKGROUND**

One June 28, 1999, Defendant pleaded guilty to three counts of a thirteen-count superseding indictment. *Resp.*, ECF No. 526, at 1–2. Count One charged Defendant with conspiracy to distribute cocaine and cocaine base, or "crack," in violation of 21 U.S.C. § 846, while Counts Nine and Twelve charged Defendant with possession of a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A). *See Superseding Indictment*, ECF No. 96. Count One carried a statutory sentencing range of ten years to life imprisonment, while Counts Nine and Twelve carried consecutive five- and twenty-five-year mandatory minimum terms of imprisonment. A total of 1.5 kilograms of crack and two kilograms of powder cocaine were attributed to Defendant for sentencing purposes. *See Sentencing Tr.*, ECF No. 288, at 8–13. With a criminal history score of twelve, Defendant fell into criminal history category V. *Resp.*, at 2. Together with a total offense level of thirty-seven, the Court determined that Defendant's

then-mandatory guideline range was 324 to 405 months imprisonment. *Id.*

On February 15, 2000, the Court sentenced Defendant to 324 months imprisonment on Count One, to be followed consecutively by sixty months imprisonment on Count Nine and 300 months imprisonment on Count Twelve. *Id.* The court also imposed a mandatory minimum five-year term of supervised release on Count One and three-year terms of supervised release on Counts Nine and Twelve,[1] set to run concurrently after completion of Defendant's 684-month incarceration. *Id.* On September 12, 2008, the Court reduced Defendant's sentence to 262 months on Count One pursuant to the Sentencing Commission's amendment of § 1B1.10 of the Guidelines to make the 2007 crack amendment retroactive. *Probation Mem.*, at 3. This reduction did not impact either term of imprisonment for Defendant's § 924(c)(1)(A) convictions, however.

To date, Defendant has served approximately 239 months in prison. *Id.* at 5. Despite the dizzying length of his sentence, his institutional adjustment has been relatively smooth; over the course of nearly twenty years, he has accumulated no more than ten sanctions.[2] *Id.* He obtained his high school equivalency diploma in August 2001, and completed the drug education program in May 2009. *Id.* In addition to completing "numerous" other educational courses, he has worked in the laundry since November 2018. *Id.* Notwithstanding these positive developments, Defendant is not even near the midway point of his fifty-seven year sentence.

---

[1] While the Probation Office and the United States appear to believe that the Court ordered five-year terms of supervised release for Counts Nine and Twelve, the Judgment Order makes clear that only three-year terms of supervised release were imposed. *See Judgment*, ECF No. 258, at 3.

[2] Information related to Defendant's institutional adjustment—including his progress in educational courses and any sanctions—are drawn from the Bureau of Prison's SENTRY inmate management system.

## II. LEGAL STANDARD

When a court imposes a sentence of imprisonment, it is considered the final judgment on the matter and the court, as a general prohibition, "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. §§ 3582(b) & 3582(c)(1)(B). However, a court can modify a sentence where it is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B).

The First Step Act of 2018 states, in relevant part, that a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Pub. L. No. 115–391, 132 Stat. 5194, § 404(b) (2018) (hereinafter "*The First Step Act*"). Section Two of the Fair Sentencing Act increased the quantity of cocaine base, or "crack," which triggers a mandatory minimum penalty. Pub. L. No. 111-220, §2, 124 Stat. 2372 (2010). Section Three eliminated the statutory minimum sentence for simple possession of crack. *Id.* at § 3.

To be eligible for a reduction in sentence, a defendant's sentence must not have been imposed or previously reduced under sections two or three of the Fair Sentencing Act of 2010.[3] *Id.* at § 404(c). Nor can a defendant have been previously denied a reduction under § 404 of the First Step Act. *Id.* While a defendant, the Government, or the Court can move for a reduced sentence, individuals are not entitled to a reduction as courts are not required to grant relief under § 404. *Id.* The First Step Act therefore represents a broad grant of authority to the federal courts.

The proper mechanism to seek relief under the First Step Act is 18 U.S.C. § 3582(c)(1)(b).[4]

---

[3] The Fair Sentencing Act was enacted on August 3, 2010. Thus, the offending act must have been committed before this date.

[4] The United States Attorney's Office for the Southern District of West Virginia contends that the appropriate mechanism is 18 U.S.C. §3582(c)(2). While perhaps a colorable argument at the time this case was briefed, this interpretation has since been foreclosed by the Fourth Circuit

*United States v. Wirsing*, No. 19-6381, 2019 WL 6139017, at *8 (4th Cir. Nov. 20, 2019) (published). As such, the language of First Step Act controls the Court's ability to grant relief. *See Wright v. United States*, 393 F. Supp. 3d 432, 441 (E.D. Va. 2019). Under § 3582(c)(1)(B), a court can choose to conduct a simple mechanical reduction of a sentence based on a decreased exposure to statutory minimums and the correlating lower guideline range.

However, courts are not limited by § 3582(c)(1)(B). The First Step Act allows a court to "impose a reduced sentence" if an individual is eligible. *The First Step Act,* § 404(b). Reading the word "impose" consistently within the United States Code reveals that this equates to the announcement of a convicted person's sentence. *See* 18 U.S.C. §§ 3553(a) and 3582(a). Therefore, the First Step Act grants courts statutory authority to conduct a full resentencing, in addition to the discretion to decide when doing so is appropriate. *See Wright*, 393 F. Supp. 3d at 441. Whether or not a court decides to resentence a defendant, the language of the First Step Act does not require a hearing. *See id.* at 441. It is within the sound judgment of the Court to determine if an evidentiary or sentencing hearing is necessary to address the issues of a particular case.

When considering the statutory authority under the First Step Act, federal courts presume Congress acts in the context of relevant case law. *Abuelhawa v. United States*, 556 U.S. 816, 821 (2009) (citing *Williams v. Taylor*, 529 U.S. 362, 380–81, n.12 (2000). The Fair Sentencing Act, and its application through the First Step Act, is administered in light of the Supreme Court's decision in *United States v. Booker*, which held that mandatory guideline ranges are unconstitutional. 543 U.S. 220, 244–45 (2005). While *Booker* is not retroactively applied on a collateral attack, a court may now vary outside of the guideline range if it chooses to conduct a full

---

Court of Appeals' decision in *United States v. Wirsing*, No. 19-6381, 2019 WL 6139017, at *8 (4th Cir. Nov. 20, 2019) (published).

resentencing. *United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005). This includes variances based on policy disagreements with the Sentencing Guidelines. *See Kimbrough v. United States*, 552 U.S. 85 (2007).

Once a defendant is determined to be eligible, the Court must examine the statutory threshold to which that defendant pleaded and compare it to the alteration of the applicable law. The Court recognizes that the drug quantity listed in an indictment traditionally tracks the statutory minimums to ensure a defendant's plea or conviction complies with the Sixth Amendment. It is not illogical to speculate that had the Fair Sentencing Act been enacted at the time of a defendant's plea, the elevated statutory amounts would be listed in the indictment and may have had little to no impact on the defendant's decision to plea. *See United States v. Blocker*, No. 4:07-36-RH, 2019 WL 2051957, at *4 (N.D. Fla. Apr. 25, 2019) (explaining "indictment-controls" versus "offense-controls" theories, and adopting the latter.). Yet to assume such a fact impermissibly alters the indictment and unconstitutionally abridges a defendant's Sixth Amendment rights. *See Alleyne v. United States*, 570 U.S. 99 (2013). In the context of First Step Act cases, this is true whether a court is conducting a full resentencing or not. *See, e.g.*, *United States v. Smith*, 379 F. Supp. 3d 543, 546–47 (W.D. Va. May 13, 2019). Due to the constitutional considerations, this Court—along with a number of others— adopts an "indictment-controls" interpretation of the First Step Act's impact on a defendant's plea. *United States v. Springs*, No. 3:05-CR-00042-FDW-1, 2019 WL 3310092 (W.D.N.C. July 23, 2019) (applying *Alleyne* to First Step Act cases) (listing cases).

The First Step Act also revised 18 U.S.C. § 924(c)(1)(C) by requiring the second or subsequent conviction under this statute be final before the higher penalty of twenty-five years is

imposed. *The First Step Act*, § 403. This effectively means that defendants charged with multiple violations of § 924 will no longer be exposed to the "stacking" of these sentences. *See Deal v. United States*, 508 U.S. 129 (1993). This provision applies only to offenses where a sentence has not been imposed and is not retroactively applied. *The First Step Act*, § 403; *Brown v. Antonelli*, No. 8:19-1344, 2019 WL 2360901, at *5 (D.S.C. May 15, 2019). While courts cannot reduce a defendant's sentence retroactively solely on the basis to cure past stacked punishments, they can account for this statutory change if conducting a full resentencing under § 404. *See Wright*, 393 F. Supp. 3d at 443.

### III. DISCUSSION

In reviewing the instant case, the Court considered the pleadings, the original presentence report, the judgment order and statement of reasons, any supplemental material from the defendant, including any correspondence, and the memorandum submitted by the Probation Office, which includes a summary of the defendant's institutional adjustments while in the custody of the Bureau of Prisons. For the sake of analytical clarity, the Court will analyze Defendant's drug offense and firearm offenses separately below. Nevertheless, the Court recognizes that a "sentence is not merely the sum of its parts." *United States v. Hadden*, 475 F.3d 652, 669 (4th Cir. 2007). Where the Court determines a full resentencing under the First Step Act is warranted with respect for a covered drug offense—as it does here—it will consider the entirety of its previously-imposed sentence in light of current law. *See Wright*, 393 F. Supp. 3d at 443.

### A. Count One

The Court begins with Defendant's 21 U.S.C. § 846 offense. As noted above, Defendant pleaded guilty to conspiracy to distribute crack and powder cocaine. The statutory implications of

this plea are straightforward, as Count One of the Superseding Indictment does not attribute any particular quantity of crack or powder cocaine to Defendant. He therefore defaults to a Class C felony pursuant to 21 U.S.C. § 841(b)(1)(C), which carries a maximum penalty of twenty years imprisonment and a term of supervised release of three years to life.

Turning to the Guidelines, the Court notes that 1.5 kilograms of crack and two kilograms of powder cocaine were attributed to the Defendant for sentencing purposes. *Sentencing Tr.*, at 8–13. The United States Sentencing Guidelines recommends a term of imprisonment for crack offenses that is disproportionate to those suggested for powder cocaine offenses by a ratio of 18:1. Employing this ratio, these quantities translate to approximately 5,800 kilograms of converted drug weight. However, this Court historically addresses the crack-to-powder cocaine disparity by employing a ratio of 10:1. While there is no meaningful difference in the chemical composition of the two, the Court recognizes the particular impact crack has had on this community. The blight of this epidemic, together with the particularly predatory manner in which it is marketed, justifies this increase compared to powder cocaine. Varying downward and employing the 10:1 ratio results in a 3,400 kilogram quantity of converted drug weight. Of course, either method of calculation results in a base offense level of thirty-two under the Guidelines. Applying the same two-level enhancement and three-level reduction as at his original sentencing, Defendant's total offense level falls to thirty-one. Given a criminal history category of V, Defendant's revised guideline range is 168 to 210 months imprisonment.

At his original sentencing, the Court determined that a sentence at the bottom end of Defendant's guideline range was appropriate. At the time, however, this range was binding upon the Court. Today, of course, the Guidelines are merely advisory. *Booker*, 543 U.S. at 244–45.

While the Court recognizes the severity of Defendant's drug offense, it also retains the authority to "consider any and all relevant post-conviction conduct in deciding whether it may [vary] downward from the advisory guideline range." *Wright*, 393 F. Supp. 3d at 443. Defendant's institutional adjustment reveals relatively few sanctions and a commitment to continuing education and work. *Probation Mem.*, at 5. This post-conviction conduct, together with the revised guideline range, the nature and circumstances of the offense, the history and characteristics of the defendant, the needs for deterrence, and the other relevant factors under 18 U.S.C. § 3553, justifies a downward variance. The Court accordingly imposes a new sentence of 156 months of imprisonment as to Count One, to be followed by three years of supervised release.

### B. Counts Nine and Twelve

Having addressed Defendant's drug offense, the Court turns to his firearm offenses under 18 U.S.C. § 924(c)(1)(A). Before proceeding further, the Court acknowledges that § 403 of the First Step Act does not retroactively apply to defendants convicted and sentenced for offenses under 18 U.S.C. § 924(c)(1)(A). At first blush, this language may be read to suggest that the First Step Act does not provide any avenue for relief from Defendant's consecutive mandatory minimum sentences. Yet to adopt such a reading ignores the sentence-package theory of sentencing this Circuit has adopted. *Hadden*, 475 F.3d at 669. Under this theory, where "an appellate court . . . rejects one of the grounds on which [a] sentence is based" and "vacates and remands a prisoner's sentence," a "district court may not simply re-enter the non-offending portions of the original sentence, but must conduct a new resentencing hearing to reformulate the entire sentence package." *Id.* It follows that where a district court conducts a resentencing with respect to one portion of its original sentence, it retains the authority to conduct a resentencing

with respect to other aspects of the sentence package.[5] *See, e.g.*, *Wright*, 393 F. Supp. 3d at 443; *United States v. Roddy*, No. 8:18-cr-99-T-17JSS, 2019 WL 5653883, at *6 (M.D. Fla. Oct. 16, 2019).

In the instant case, Defendant pleaded guilty to two violations of 18 U.S.C. § 924(c)(1)(A). Under its "stacking" provisions, a mandatory minimum of five years imprisonment applied to Count Nine and a mandatory minimum of twenty-five years imprisonment applied to Count Twelve. The First Step Act altered the mechanics of these mandatory minimum sentences, providing that a defendant may only be subjected to the twenty-five-year mandatory minimum after a previous conviction has been made final. *The First Step Act*, § 403. Instead, simultaneous violations of 18 U.S.C. § 924(c)(1)(A) are subject to identical five-year mandatory minimum terms of imprisonment, to be served consecutively to all other counts and each other. It follows that the statutory minimum sentence for Count Nine is unchanged, while the statutory minimum for Count Twelve decreases from twenty-five years to five years.

Based on the issues present in the case and the authority under § 404 of the First Step Act, the Court determines that a hearing is not necessary to effectuate justice. After considering the nature and circumstances of the offense, the history and characteristics of the defendant, the needs for deterrence, and the other relevant factors under 18 U.S.C. § 3553, the Court imposes a new sentence of sixty months of imprisonment and three years of supervised release on Count Twelve.

---

[5] The Court is aware of the Fourth Circuit Court of Appeals' unpublished decision in *United States v. Melvin*, 777 F. App'x 652 (4th Cir. 2019), which affirmed a district court's judgment that a defendant was not *entitled* to relief from his stacked § 924(c) convictions under the First Step Act. Of course, this much is true. The First Step Act grants courts considerable discretion in determining what—if any—relief to provide defendants convicted of covered offenses. The Court reads *Melvin* not as precluding relief for stacked § 924(c) convictions as part of a full resentencing, but rather as reinforcement of the discretion that the First Step Act affords to sentencing courts. In any event, unpublished opinions are not binding precedent in this Circuit.

This sentence will follow Defendant's consecutive terms of imprisonment for Count One and Count Nine.

## IV. CONCLUSION

For the aforementioned reasons, the Court **GRANTS IN PART** Defendant's motion to reduce sentence under the First Step Act, ECF No. 523, and **IMPOSES** a new sentence of 276 months imprisonment and three years of supervised release. This term of imprisonment is comprised of 156 months as to Count One, sixty months as to Count Nine, and sixty months as to Count Twelve, plus concurrent three-year terms of supervised release on each charge. To the extent that Defendant requests a hearing before imposition of this sentence, the Court **DENIES IN PART** his motion. The Court further **ORDERS** any good time credit and the revised release date be calculated within **fourteen days** of the entry of this Memorandum Opinion and Order.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER:         November 21, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE